SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**CHARLOTTE KELLEY, DCB #1736456**
Charlotte.Kelley@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00243-IM** |
| **v.** | **UNITED STATES' SENTENCING MEMORANDUM** |
| **SHAWN ASHLEY CAMP,** | |
| **Defendant.** | **Sentencing Date:  March 24, 2026** |

### Introduction

Gresham police attempted to stop defendant Shawn Ashley Camp after he menaced an employee at a store.  He fled, dropping a Glock semiautomatic pistol, his wallet, and an extended pistol magazine along his path. This is the latest crime in defendant's decades-long, violent criminal history.

Defendant will be before the Court for sentencing after pleading guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  The parties jointly recommend he serve a of an 84-month sentence to be followed by three years of supervised release.  This recommended sentence is sufficient but not greater than necessary under 18 U.S.C.

**United States' Sentencing Memorandum**                                                      **Page 1**

§ 3553(a) to accomplish the goals of sentencing.  It fairly balances the nature, circumstances, and seriousness of the offense with defendant's history and characteristics and the need to protect the public, provide deterrence, and promote respect for the law.

**Factual Background**

**A.    The Offense Conduct**

On December 6, 2023, police officers were called to a Burlington Coat Factory in Gresham, Oregon when an employee said a man in the store was acting suspicious. (PSR ¶ 14).  Officers responded and spotted a man, later identified as defendant Shawn Camp, near the exit of the store. (*Id.*) Defendant was engaged in a heated conversation with a store employee at the entrance and an officer saw defendant lunge his head towards the employee. (*Id.*) The employee recalled that defendant moved within one inch of his face and said something to the effect of, "I'm going to split your face open." (PSR ¶ 19). Defendant then left the store, knocking over a barricade on his way out. (*Id.*) Defendant rounded the comer, and officers approached him in full uniform with their lights on. (PSR ¶ 15). They told defendant to stand against the wall and that he was being stopped. (*Id.*) Defendant took off in a sprint. (*Id.*) Police yelled at defendant to stop and told him that he was under arrest. (*Id.*)

While defendant was running, an officer saw that defendant was reaching towards his waistband with his right hand and then he pulled something out that fell to the ground. (PSR ¶ 16). In the path that defendant ran, officers found a black wallet with defendant's identification cards and a black .45 caliber Glock semiautomatic pistol (SN-AERU548) with a live round in the chamber that was missing its magazine. (PSR ¶ 17). Officers then located a .45 caliber 26-round pistol magazine loaded with 16 rounds of ammunition and two loose .45 ACP cartridges further

**United States' Sentencing Memorandum**                                                     **Page 2**

along the path that defendant ran. (*Id.*)  Defendant was discovered hiding in nearby bushes and was arrested. (PSR ¶ 16). A DNA analysis revealed that defendant was a likely contributor to the DNA profile on the Glock pistol. (PSR ¶ 21).

A review of defendant's criminal history revealed that he was on post-prison supervision at the time of this offense. (PSR ¶ 16).  It also revealed that defendant had a lengthy criminal history, including convictions for two counts of Robbery in the Second Degree in Washington County Circuit Court Case Number Cl01625CR, Robbery in the Second Degree in Multnomah County Circuit Court, Case Number 111134779, and Robbery in the First Degree with a Firearm in Multnomah County Circuit Court, Case Number 1134330.

## B.  The Charges and Plea Agreement

On June 18, 2024, defendant was charged with one count of Felon in Possession in violation of Title 18, United States Code, Section 922(g)(1) and one count of Felon in Possession of a Firearm – Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). ECF 1.  He was brought into federal custody via a writ on November 8, 2024. ECF 11. On September 29, 2025, defendant pled guilty to one count of Felon in Possession in violation of Title 18, United States Code, Section 922(g)(1). ECF 36.

As part of the plea agreement in this case, the United States has agreed to dismiss count one of the indictment, charging defendant with Felon in Possession of a Firearm – Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  (Plea Agreement ¶ 4).  The parties agreed to jointly recommend a sentence of 84 months imprisonment to be followed by three years of supervised release.  (PSR ¶ 9).  Finally, defendant agreed to abandon his interests in the firearm seized in this federal case.  (PSR ¶ 10).

**United States' Sentencing Memorandum**                                               **Page 3**

### C. Guidelines Computation

The parties agreed that the following guideline calculations apply in the plea agreement:

| Count 1: 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm | | |
|---|---|---|
| USSG § 2K2.1(a)(1) | Base Offense Level | 26 |
| USSG § 3E1.1(a) and (b) | Acceptance of Responsibility | -3 |
| | **Adjusted Offense Level** | 23 |

The U.S. Probation Office released the final Presentence Report (PSR) in this case on December 31, 2025.  The U.S. Probation Office's guideline calculations are the same as the parties. There are no contested guidelines issues. The government agrees with U.S. Probation that defendant has 12 criminal history points which places him in criminal history category of V. (PSR ¶¶ 38–60). An adjusted offense level of 23 coupled with a criminal history category of V yields an applicable guideline range of 84-105 months.  The parties' joint recommendation falls at the low-end of that guideline range. Probation joins the parties' recommendation of 84 months in custody.  (PSR ¶ 142).

### D.    Government's Recommended Sentence

While not bound by the Sentencing Guidelines, district courts must consult the guidelines and take them into account when sentencing.  *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 767 (2005).  The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence.  *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007).  The guideline serves as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."  *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350.  The guidelines serve as a "lodestone" at sentencing, and "cabin" or "anchor" a sentencing court's discretion.  *Peugh v. United States*, 569 U.S. 530, 531 (2013).  While

**United States' Sentencing Memorandum**                                                       **Page 4**

advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*.

Defendant has a lengthy criminal history that involves multiple crimes of violence. (PSR ¶¶ 38–60). He has continued committing crimes, undeterred, for two decades. At the time of his arrest, he was facing multiple pending charges out of Multnomah County and Baker County. Although the instant offense did not involve violence towards others, the low-end of the applicable guidelines with no additional variance is an appropriate sentence in this case, considering that defendant is getting the considerable benefit of the dismissal of Count One, which charges him as an Armed Career Criminal and could subject him to a 15-year mandatory minimum. A sentence of 84 months also avoids sentencing disparities—it is the median length of imprisonment for similarly situated defendants. (PSR ¶ 123). Finally, and most importantly, it will serve to protect the community from defendant's crimes. This will be one of the longer sentences defendant has served in his lengthy criminal career.

Under the facts of this case and considering defendant's history and characteristics, an 84-month sentence, coupled with a three-year term of supervised release, and a $100 special assessment, satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

/ / /

/ / /

/ / /

/ / /

/ / /

**United States' Sentencing Memorandum**                                    **Page 5**

**Conclusion**

Based on the foregoing, the government and defendant jointly recommend an 84-month sentence followed by three years of supervised release.

Dated: March 18, 2026

Respectfully submitted,

SCOTT E. BRADFORD
Acting United States Attorney

*/s/ Charlotte Kelley*
CHARLOTTE KELLEY
Assistant United States Attorney